## H. PARGOUD *v.* P. M. TOURNE.

A landlord is not responsible in damages to his lessee, arising from the illegal conduct of an adjoining proprietor, in constructing a privy against the intervening wall when it appears that the wall was fit and sufficient for the purpose designed. The Article of the Code applies, when there are vices and defects in the thing leased—he is not bound to guarantee against losses that happen from the nature of the wall, and the illegal conduct of the adjoining proprietor.

When the lease was entered into, the lessor was not obliged to suppose that his neighbor would violate the law, and, therefore, it cannot be considered that a warranty against his illegal acts formed a tacit condition of the contract of lease.

All that is required of the lessor is to have a wall, staunch and sufficient for the purpose for which it is intended: he is not required to have a wall capable of protecting the lessee against the unlawful acts of the contiguous proprietor.

APPEAL from the Sixth District Court of New Orleans, *Cotton, J.*

*H. Griffin*, attorney for plaintiff and appellant. *Mott & Fraser*, attorneys for defendant.

COLE, J. The plaintiff claims from the defendant $442 50, rent of a warehouse. The latter reconvenes and demands $338 70, amount of damages caused to his goods by the sinks of the adjoining property, belonging to the Bank of Louisiana. The district judge allowed $263 70, on the reconventional demand, and plaintiff has appealed.

The evidence establishes that the privies were on the property of the Bank of Louisiana: that they were built too close to the wall of the warehouse; that they had overflowed and the liquid matter oozing through the dividing wall had injured some of the merchandise of defendant; that this wall is "good and appears well built;" that the privies were subsequently removed further from the wall.

The sole question is whether defendant, who was the lessee, has a right of action for the damages against plaintiff, the lessor.

Article 688 of the Civil Code declares that, "he who wishes to dig a well or a necessary, to build a chimney, or hearth, a forge, an oven, a furnace or stable, to put up shelves, or to store salt or other corrosive substances near a wall, whether held in common or not, is bound to leave the distance, and cause to be made the works prescribed by the regulations of the police, in order that his neighbor be not injured thereby."

Art. 691, C. C., provides that: "He who wishes to dig a necessary or a well against a wall, whether held in common or not, is bound to build another wall one

foot thick; and when there is a well on one side and a necessary on the other, there shall be four feet masonry betwixt the two, including the thickness on both sides; but between two wells three feet interval are sufficient."

It appears from these Articles that the obligation to construct the privy so as not injure his neighbor was upon the proprietor of the property contiguous to that of plaintiff, and the latter cannot, therefore, be rendered responsible for the neglect of the former to comply with the provisions of the law relative to privies, unless there is some special law relative to lessors, which makes them liable.

The defendant relies on Article 2665 of the Civil Code. It is in these words:

" The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used, even in case it should appear that he knew nothing of the existence of such vices and defects at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the defect, the lessor shall be bound to indemnify him for the same."

This article applies when there are vices and defects in the thing leased; but there was no vice and defect in the division wall. It was fit and sufficient for the purpose designed, if the proprietor of the edifice adjacent to that of plaintiff had obeyed the requisitions of the law; the wall was naturally porous, and such as we suppose is generally constructed. There is, at least in the record, no evidence to establish the contrary, and the lessor was not by this Article bound to guaranty against losses that happened from the nature of the wall and the illegal conduct of the adjoining proprietor. The loss in the case at bar was caused by the oozing of liquid matter through the division wall, which would not have happened if the contiguous proprietor had complied with the law. When the lease was entered into, the lessor was not obliged to suppose that his neighbor would violate the law, and therefore, it cannot be considered that a warranty against his illegal acts formed a tacit condition of the contract of lease; all that is required of the lessor is to have a wall staunch and sufficient for the purpose for which it is intended; he is not required to have a wall capable of protecting the lessee against the unlawful acts of the contiguous proprietor. We do not think the lessor is obliged to examine the buildings of adjoining proprietors to see if they have constructed any works which may injure his lessee.

Art. 2673, C. C., declares that, " the lessor is not bound to guarantee the lessee against disturbance caused by persons not claiming any right to the premises; but in that case the lessee has a right of action for damages sustained against the person occasioning such disturbance."

The damage in this case was not caused by plaintiff, but by a party claiming no right to the premises leased by plaintiff; the latter is not, therefore, responsible.

Defendant is liable for legal interest on the instalments of the lease from their maturity.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that plaintiff recover of defendant four hundred and forty-two dollars and fifty cents, with five per centum interest on three instalments thereof of $110 each respectively from the maturity of each, to wit: from the 15th February, 15th March and 15th April of the year 1856, and a like interest on three installments of $37 50 of said $442 50, commencing from the respective maturity of each, to wit: from the 15th July, 15th August and 15th September of the year 1855.

PARGOUD
*v.*
TOURNE.

It is further ordered and decreed, that the reconventional demand of defendant be rejected, and that he pay the costs of both courts, and that his right, if any he has, be reserved to him to proceed for his reconventional demand against the party or parties who may be liable for the same.